**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
RICHARD T. DOWNES,

                             Plaintiff,

         - against -

SUNRISE BUS, INC.,
SUNRISE COACH LINES, INC.,
TEAMSTERS LOCAL UNION NO. 111,

                            Defendants.
-----------------------------------------------------------X

**ORDER**

CV 12-2555 (SJF) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Plaintiff commenced this action on January 6, 2012 in New York State Supreme Court, Suffolk County by filing a summons with notice. DE 1. Under New York law, a plaintiff need not file a complaint to initiate an action. N.Y. C.P.L.R. 304(a) ("An action is commenced by filing a summons and complaint or summons with notice."). On May 2, 2012, the summons with notice was served on Defendants. *Id.* Defendant Teamsters Local Union No. 111 ("Local 111") removed this action to the United States District Court for the Eastern District of New York on May 21, 2012. *Id.* Defendants Sunrise Bus, Inc. and Sunrise Coach Lines, Inc. consented to the removal. *Id.*, Ex. B. On June 7, 2012, Local 111 filed a motion requesting that this Court direct Plaintiff to file a complaint, as required by the Federal Rules, so that the Defendants are fully informed as to the nature of Plaintiff's claims. DE 7. Plaintiff did not oppose the motion.[1]

---

[1] In a letter to Judge Feuerstein, counsel for Local 111 explained that on June 15, 2012, Plaintiff served their client with a copy of a "Verified Complaint." DE 11. The Verified Complaint was not filed in the state court prior to removal, nor has it been filed in this Court. *See id*. Before Local 111 learned that the Verified Complaint had not been filed, it served and filed an Answer, as did the other Defendants. *See* DE 8, 9. Notwithstanding these developments, the Court has received not received any request to withdraw the pending motion, thus the Court will proceed to address it.

The Federal Rules of Civil Procedure govern an action once it is removed from the state court. Fed. R. Civ. P. 81(c)(1); *see Yaman v. D'Angelo*, 206 F.Supp.2d 394, 401 (W.D.N.Y 2002) (explaining that, *after* removal, the Federal Rules of Civil Procedure apply) (emphasis added). Repleading is not required "unless the court orders it." Fed. R. Civ. P. 81(c)(2); *see Freeman v. Bee Machine Co.*, 319 U.S. 448, 452 (1943) ("District courts . . . [have] the power to permit a recasting of pleadings or amendments to complaints in accordance with the federal rules."). Moreover, "'federal courts will accept, as operative, papers served in state court which satisfy the notice-giving function of pleadings under the Federal Rules of Civil Procedure.'" *Solomon v. Siemens Industry, Inc.*, No. 11-CV-1321, 2011 U.S. Dist. LEXIS 63671, at *2-3 (E.D.N.Y June 16, 2011) (quoting *Frank B. Hall & Co. v. Rushmore Ins. Co., Ltd.*, 92 F.R.D. 743, 745 (S.D.N.Y. 1981)); *see Istituto Per Lo Sviluppo Economico Dell'Italia Meridionale v. Sperti Products, Inc.*, 47 F.R.D. 310, 313 (S.D.N.Y. 1969) (rejecting defendant's objection to lack of a formal complaint since plaintiff "supplied the defendant with more details than it could possibly hope to obtain from a formal complaint" and defendant was "fully able to raise any objections and defenses" to plaintiff's claims).

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)). A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" does not satisfy Rule 8. *Id.* (quoting *Twombly*, 550 U.S. at 557).

Here, Plaintiff's summons with notice fails to "satisfy the notice-giving function" of

Rule 8. Plaintiff states only that he seeks $2,000,000 per defendant in damages for breach of contract, breach of fiduciary duty, and discrimination "due to the [Defendants'] actions and/or failure to take appropriate action" during a grievance process.  DE 1 at 5-6.  Plaintiff further states that Defendants' improper acts resulted in discrimination against him and his wrongful termination. *Id.* Although Plaintiff need not provide "detailed factual allegations," he must provide more than mere legal conclusions unsupported by any factual grounding. *See Iqbal*, 556 U.S. at 678-80.  Plaintiff fails to provide "further factual enhancement" as to how Defendants acted or failed to take appropriate action during the grievance process, which he claims led to his wrongful termination. Thus, Plaintiff's summons with notice does not meet the minimal requirements of Rule 8, such that Defendants are provided with adequate notice to be "fully able to raise any objections or defenses." *See Solomon*, 2011 U.S. Dist. LEXIS 63671, at *3.

Accordingly, pursuant to this Court's authority under Rule 81(c)(2), Plaintiff is ordered to file a complaint in conformity with the standards of Rule 8 within fourteen (14) days of the entry of this Order.

**SO ORDERED.**

Dated: Central Islip, New York
July 13, 2012

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge