# ENNIS LAW GROUP, P.C.

*430 West Merrick Road, Suite 10*
*Valley Stream, New York 11580*
*All Mail Correspondence*

*550 Uniondale Avenue*
*Uniondale, NY 11553*
*By Appointment Only*

*Office: (516) 561-7161 \*Fax: (516) 561-7163*

July 27, 2012

**VIA ECF & Regular Mail**
Hon. A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court for the
Eastern District of New York
100 Federal Plaza
P.O. Box 914
Central Islip, NY 11722

Walter M. Kane
Cary Kane LLP
Attorneys for Defendant
Teamsters Local Union No. 111

Danow,McMullan & Panoff, P.C.
Attorneys for Defendants Sunrise Bus Inc.
And Sunrise Coach Lines, Inc.
275 Madison Avenue, Suite # 1711
New York, NY 10016

Smith, Finkelstein, Lundberg, Isler and
Yakaboski, LLP
Attorneys for Defendants Sunrise Bus Inc.
And Sunrise Coach Lines, Inc.
456 Griffing Avenue
Riverhead, NY 11901

## Re:    **Downes v. Sunrise Bus, et al., Case No. 12-cv-02555**

Dear Judge Tomlinson;

Please be advised that this office represents, Plaintiff Richard T. Downes in the above-mentioned matter.

Please accept my humble apologies for my late electronic filing of the Complaint in this matter as I am not admitted to practice before the Federal Courts. I commenced this action in State Court by filing a Summons and Notice upon the defendants.

Subsequently, the Defendant(s) filed for a removal of the action to Federal Court. I did not have access to PACER which, to my understanding, is necessary to file all documents electronically. I was unaware of the option to proceed pro hac vice which, if approved, would have allowed me immediate access to the case and to file the Complaint timely.

I am assisting Mr. Downes on this matter pro bono and during this period I was engaged in pressing matters and also had issues with access to my mail at one of my office locations which was based on a few circumstances outside of my control.

I beg the Court's indulgence to accept my sincerest apologies and grant my Pro Hac Vice Motion until my admission is completed and approved. Thank you in advance for your consideration and any courtesies extended.

Please feel free to contact me ay (516) 561-7161 if you have any questions or concerns.

Sincerely

Evette C. Ennis, Esq.
ENNIS LAW GROUP, P.C.
430 West Merrick Road, Suite # 10
Valley Stream, NY 11580
(516) 561-7161
(516) 561-7163 Fax

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X  Case No. CV -12-2555

**RICHARD T. DOWNES,**                        Assigned District Court Judge:
                                              Hon. Sandra J. Feuerstein

-against-                                     Assigned Magistrate Judge:
                                              Hon. A. Kathleen Tomlinson

                                              NOTICE OF MOTION TO
                                              ADMIT COUNSEL PRO
                                              HAC VICE

**SUNRISE BUS INC., SUNRISE COACH LINES,**
**INC., and TEAMSTERS LOCAL UNION NO. 111**
                                         X

TO:  Walter M. Kane
     Cary Kane LLP
     Attorneys for Defendant
     Teamsters Local Union No. 111
     212-871-0537

     Danow,McMullan & Panoff, P.C.
     Attorneys for Defendants Sunrise Bus Inc.
     And Sunrise Coach Lines, Inc.
     275 Madison Avenue, Suite # 1711
     New York, NY 10016
     212-370-3744

     Smith, Finkelstein, Lundberg, Isler and
     Yakaboski, LLP
     Attorneys for Defendants Sunrise Bus Inc.
     And Sunrise Coach Lines, Inc.
     456 Griffing Avenue
     Riverhead, NY 11901
     631-727-4100

PLEASE TAKE NOTICE that upon the annexed affidavit of movant in support of this motion and
the Certificate(s) of Good Standing annexed thereto we will move this Court pursuant to Rule 1.3 (c)
of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New
York for an Order allowing the admission of movant, a member of the firm of
ENNIS LAW GROUP, P.C.

and a member in good standing of the Bar(s) of the State(s) of New York,

as attorney pro hac vice to argue or try this case in whole or in part as counsel for <u>Plaintiff</u>
<u>Richard T. Downes</u>.        There are no   pending disciplinary proceedings against me in any State or
Federal court.

Respectfully submitted,

Evette C. Ennis

Dated: July 27, 2012

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X   Case No. CV -12-2555

**RICHARD T. DOWNES,**                                         Assigned District Court Judge:
                                                                 Hon. Sandra J. Feuerstein

-against-                                                          Assigned Magistrate Judge:
                                                                 Hon. A. Kathleen Tomlinson

                                                                 AFFIDAVIT OF MOVANT
                                                                 IN SUPPORT OF MOTION TO ADMIT
                                                                 COUNSEL PRO
                                                                 HAC VICE

**SUNRISE BUS INC., SUNRISE COACH LINES,**
**INC., and TEAMSTERS LOCAL UNION NO. 111**
_____X

State of New York   )
                    )   ss:
County of New York  )

        EVETTE C. ENNIS, being duly sworn, hereby deposes and says as follows:

    1.  I am an associate with the law firm of Ennis Law Group, P.C..

    2.  I submit this affidavit in support of my motion for admission to practice pro hac vice
        in the above captioned matter.

    3.  As shown in the Certificate(s) of Good Standing annexed hereto I am a member in good
        standing of the Bar of the State of New York.

    4.  There are no pending disciplinary proceedings against me in any State or Federal court.

    5.  Wherefore your affiant respectfully submits that he be permitted to appear as counsel
        and advocate pro hac vice in this one case for Plaintiff Richard T. Downes.

Dated: July 27, 2012

Signed before me this 27⁴ᵘ
dory of July 2012
Denise A. McQuade

DENISE A. McQUADE
Notary Public, State of New York
No. 01MC2638430
Qualified in Kings County
Commission Expires Aug. 31, 2013

Evette C. Ennis, Esq.
ENNIS LAW GROUP, P.C.
430 West Merrick Road, Suite # 10
Valley Stream, NY 11580
Evetteennis@gmail.com
(516) 561-7161

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X  Case No. CV -12-2555

**RICHARD T. DOWNES,**

Assigned District Court Judge:
Hon. Sandra J. Feuerstein

-against-

Assigned Magistrate Judge:
Hon. A. Kathleen Tomlinson

ADMISSION TO PRACTICE
PRO HAC VICE

**SUNRISE BUS INC., SUNRISE COACH LINES,
INC., and TEAMSTERS LOCAL UNION NO. 111**

_____  _____X

The motion for admission to practice pro hac vice in the above captioned matter is
granted.  The admitted attorney Evette C. Ennis is permitted to argue or try this
particular case in whole or in part as counsel or advocate for Plaintiff, Richard T.
Downes.

This Order becomes effective upon the Court's receipt of the required $25.00 fee and
confirms your appearance as counsel in this case.  A notation of your admission pro hac
vice in the above listed case will be made on the roll of attorneys.

Dated:

_____
United States District Judge

cc: Pro Hac Vice Attorney
    Court File



# Appellate Division of the Supreme Court of the State of New York Second Judicial Department

---

I, Aprilanne Agostino, Clerk of the Appellate Division of the Supreme Court of the State of New York, Second Judicial Department, do hereby certify that **Evette Coretta Ennis** was duly licensed and admitted to practice as an Attorney and Counselor-at-Law in all the courts of the State, according to the laws of the State and the court rules and orders, on the **11 th** day of **February 2004,** has duly taken and subscribed the oath of office prescribed by law, has been enrolled in the Roll of Attorneys and Counselors-at-Law on file in my office, has duly registered with the administrative office of the courts, and according to the records of this court is in good standing as an Attorney and Counselor-at-Law.



In Witness Whereof, I have hereunto set my hand and affixed the seal of said Appellate Division on July 27, 2012.

Clerk of the Court

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

_____

RICHARD T. DOWNES,                                      Index No. 12/1426

            Plaintiff,                              **VERIFIED COMPLAINT**

-against-

SUNRISE BUS INC., SUNRISE COACH LINES, INC.,
TEAMSTERS LOCAL UNION NO. 111,

                           Defendants.

_____


Plaintiff RICHARD T. DOWNES, by his attorney, EVETTE C. ENNIS,

ESQ. Of the ENNIS LAW GROUP, P.C. alleges as and for plaintiff's Verified Complaint, upon

information and belief and at all times relevant hereto, and based upon the files maintained in

counsel's office:

## PRELIMINARY STATEMENT

1.     This is an action arising from the wrongful termination of Richard T. Downes

(hereinafter "'plaintiff") from employment as a Bus Operator of Sunrise Bus Inc.. (hereinafter "the

Sunrise Bus, Inc.") on June 9, 2011. It has been alleged by one or more of the defendants that

plaintiff failed to explain circumstances surrounding the circumstances of his arrest and that his

failure to cooperate is a breach of his responsibility to his Employer supporting discharge of his

employment.  Further, it has also been alleged by one or more of the defendants that plaintiff failed

to answer a question truthfully on his application for employment, and as such, the termination of

plaintiff was based on just cause and that plaintiff abandoned his position supporting discharge of

his employment.

## PARTIES

2.     Plaintiff, a naturalized Black American, is and has been a resident of Suffolk

County in the State of New York on all pertinent dates hereinafter mentioned.

3.  On all dates hereinafter mentioned, defendant Sunrise Bus Inc. was and is a foreign corporation duly authorized by the NYS Secretary of State to transact business within the State of New York, and further, was and is an employer within the meaning of the New York State Human Rights Law.

4.  On all dates hereinafter mentioned, plaintiff was an employee of Sunrise Bus Inc. within the meaning of the New York State Human Rights Law.

5.  As described herein, defendants Sunrise Bus Inc., by its agent, employee and owner, Christa Brown committed tortious acts in furtherance of Sunrise Bus Inc.'s business within the State of New York and reasonably expected their actions to have consequences in New York State.

5.  Defendant Sunrise Bus Inc. regularly did and does solicit business within the State of New York on all dates hereinafter mentioned.

6.  Defendant Sunrise Bus Inc. derives substantial revenue from the services rendered and/or goods sold in the State of New York.

7.  Defendant Sunrise Bus Inc. transacts business within the State of New York and also contracts to supply goods or services in New York State on all dates hereinafter mentioned.

8.  Defendant Sunrise Bus Inc., by its agent, employee and owner, Christa Brown is, upon information and belief a female citizen of the State of New York who committed tortious acts within the State of New York in furtherance of the business of her employer Sunrise Bus Inc. at all times hereinafter mentioned.

9.  Christa Brown while acting on behalf of her employer Sunrise Bus Inc. expected her tortious acts committed in the State of New York on all dates hereinafter mentioned to have consequences within the State of New York.

10. Jurisdiction is properly exercised over defendant Sunrise Bus Inc. and it's agent, employee and owner Christa Brown. by the Supreme Court of the State of New York for the tortious acts she committed against plaintiff in furtherance of Sunrise Bus Inc.'s business in New York State.

11. The Teamsters Local Union No. 111 (hereinafter "Union") was and is a labor organization and this Union was and is the bargaining representative of the employees of Sunrise Bus Inc. who are employed at Sunrise Bus Inc. 's facility in Suffolk Long Island on all dates hereinafter mentioned.

12. Plaintiff was a member of defendant's Union through the date of his termination on June 9, 2011.

13. The Union appeared on plaintiff's behalf during the grievance process prior to his termination. The Union failed to appear on plaintiff's behalf subsequent to notice of discharge by Employer on June 9, 2011 in breach of their fiduciary obligation for fair representation to Plaintiff at an arbitration hearing.

14. On and before June 9, 2011 Christa Brown was and is employed as the Owner of Sunrise Bus Inc. with facilities in Suffolk, New York, and as such, she had the power to make and implement decisions regarding plaintiffs employment status.

15. On or about June 26, 2010, plaintiff was arrested while operating the 8A bus line in Calverton, Town of Southhampton, County of Suffolk, State of New York as a Bus Operator for Sunrise Bus, Inc.

16. On June 26, 2010, a female passenger on the 8A line alleged that the plaintiff attempted to rape her. Plaintiff denied the allegations and was released on One Thousand Dollars bail ($1,000.00) and not the Five Hundred Thousand Dollars ($500,000.00) sought by the prosecution.

17. Plaintiff vehemently denied the allegations to the Court, his employer and to his Union.

18.     Upon his release, Plaintiff was informed that he was suspended without pay pending the outcome of his case and that he was to turn in his uniform to receive his then current paycheck.

19.     Christa Brown of Sunrise Bus, Inc. advised all staff to refrain from speaking with plaintiff or communicating with him in any manner. Ms. Brown disparaged Plaintiff in her communications with her staff.

20. Christa Brown of Sunrise Bus, Inc. provided a statement to the media after the Plaintiff's arrest that the "Plaintiff had undergone a thorough background investigation, his driving record was clean and that he had no prior disciplinary issues before the incident". She further stated "there was no disqualifying matter in his background adding that he would be suspended pending the outcome of his case".

21. Defendants Sunrise Bus Inc., and its agent, employee and owner, Christa Brown were aware that Plaintiff was of the belief that he was suspended pending the outcome of the case.

22. Christa Brown acted as an agent of Defendants Sunrise Bus, Inc. in spearheading the unlawful conduct which culminated in plaintiff's termination.

23. On or before June 9, 2011, defendant Christa Brown was plaintiff's direct supervisor at Sunrise Bus Inc.

24. On and before June 9, 2011, defendant Sunrise Bus Inc., by its agent, employee and owner, Christa Brown engaged in unlawful conduct as against plaintiff which led to his termination in violation of Sunrise Bus Inc. 's internal policies and procedures while acting as plaintiff's supervisor.

25. On before and after June 9, 2011, defendant Sunrise Bus Inc., by its agent, employee and owner, Christa Brown aided and abetted the unlawful conduct described herein in violation of Sunrise Bus Inc. 's internal policies and procedures.

26. On before and after June 9, 2011, defendant Sunrise Bus Inc., by its agent, employee and owner, Christa Brown engaged in unlawful conduct as against plaintiff in causing him to be fired without just cause as is required by the employer's contract with the Union.

27. On, before and after June 9, the Union through its TEAMSTERS LOCAL UNION 111 also known as Local 111, International Brotherhood of Teamsters was the exclusive bargaining agent of the plaintiff herein.

28. The Court has personal jurisdiction over defendant Sunrise Bus Inc. in that its is a duly authorized foreign corporation that committed the tortious and unlawful conduct described herein through its agents, employees and assigns in the State of New York, Suffolk County on all dates mentioned herein.

29. This court also has jurisdiction over defendant Sunrise Bus Inc. in that it maintains a corporate presence within the State of New York and derives substantial revenue from its business operations directed to and occurring in New York State.

30. This Court has jurisdiction over owner, Christa Brown in that she committed tortious and unlawful conduct described herein while in the State of New York, and further, at the behest of her duly authorized employer Sunrise Bus Inc.

31. This court also has jurisdiction over Christa Brown in that she engaged in tortious and unlawful activity outside of the State of New York on behalf of Sunrise Bus Inc. which could reasonably be expected to have consequences in New York State.

32. This Court has jurisdiction over the defendant Union because it maintains a principal office in the State of New York and engaged in tortious and unlawful conduct within the State of New York.

33. The within actions are proper as all administrative remedies have been exhausted by the plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION: WRONGFUL TERMINATION

34.    Plaintiff realleges and reasserts each and every allegation contained in paragraphs "1" through "33" as if fully set forth herein.

35.    On and before June 9, 2011, plaintiff, a naturalized Black American was employed by defendant Sunrise Bus Inc. as a Bus Operator, and as such, he was responsible for transporting passengers throughout various towns via the city bus lines in Suffolk, New York.

36.    On and before June 9, 2011, and during the period of his employment, plaintiff received periodic favorable employment evaluations for the quality of his work from his employer Sunrise Bus Inc. and its agents.

37.    Prior to plaintiffs commencement of employment with Sunrise Bus Inc. he was provided with an employee handbook by this defendant's agents, and further, was given assurances that it was not the policy of defendant to discharge employees other than for just cause, and as such, plaintiff was not an employee at will during his period of employment with defendant.

38.    On and before June 9, 2011, plaintiff was a member of the Union which had a valid labor agreement with Sunrise Bus Inc. which required that termination from Sunrise Bus Inc. of employees could only be made for just cause.

39.    On or about June 9, 2011, plaintiff was wrongfully terminated by Sunrise Bus Inc. for allegedly failing to answer a question truthfully on his application for employment; for failing to explain the surrounding circumstances of his arrest and that his failure to cooperate was a breach of his responsibility to his Employer which ultimately led to his termination and that plaintiff abandoned his position supporting discharge of his employment.

40.    Christa Brown aided and abetted Sunrise Bus Inc. in the wrongful termination of the plaintiff.

41.    Defendant Sunrise Bus Inc. and agent Christa Brown contend that plaintiff failed to answer a question truthfully on his application for employment and as a result could not perform his duties since he was not able to drive a school bus, the allegations of which are false.

42.     Specifically Sunrise contends that plaintiff lied on his application for employment when asked "Has your privilege to operate a motor vehicle ever been suspended, revoked, withdrawn or denied" to which Plaintiff answered "No". Employer contends that his certification from the New York City Office of Pupil Transportation was first suspended and then revoked.

43.     Employer asserts that plaintiff was unable to fulfill a key portion of his duties, the allegations of which are false. Plaintiff was always and remains licensed to operate a school bus or any CDL qualified vehicle in Suffolk County and New York State. Plaintiff never lost his "S" CDL qualifications to operate a school bus. Plaintiff was hired to operate city bus routes for paying passengers. Operating a school bus was not a "key part" of his duties. Driving the Suffolk City buses picking up and transporting paying passengers was his key responsibility not driving school buses as Defendant asserts. Notwithstanding, plaintiff was licensed and available to operate a school bus if required. Plaintiff on previous occasions operated a charter bus based on overtime needs of the Employer.

44.     Sunrise is a Suffolk County entity and is not subject to the NYC Department of Education Office of Pupil Transportation (hereinafter "OPT) but rather governed by New York State. Pursuant to the Employer Handbook for Sunrise Bus Inc. it states, " All employment of drivers is subject to school bus driver certification under 19-A State of New York, Department of Motor Vehicles of which Plaintiff was duly licensed and certified.

45.     Sunrise Bus Inc., by its agent, employee and owner, Christa Brown and other Sunrise agents were fully aware that his license, CDL qualifications and certifications were valid yet continued this unwarranted attack and untruthful basis to support the wrongful termination of the Plaintiff.

46.     Any inability of Plaintiff to fulfill his duties for Sunrise Bus Inc. would have clearly been reflected on the plaintiff's driving abstract record of which the defendants pulled during his background review and investigation.

47. Sunrise Bus Inc., by its agent, employee and owner, Christa Brown provided a statement to the media on behalf of the defendants that the "Plaintiff had undergone a thorough background investigation, his driving record was clean and that there was no disqualifying matter in his background. Subsequent to Plaintiff's arrest on June 26, 2010 Christa Brown gave statements to the media that supported that she was aware that there were no restrictions on his license to make him ineligible for employment or unable to perform any of his key responsibilities as a Bus Operator yet Sunrise Bus Inc., by its agent, employee and owner, Christa Brown continued in their unlawful attempt to defame the plaintiff and discharge him on these fraudulent grounds under the guise of just cause rather than on their true basis of his arrest.

48. Furthermore the City OPT is a certification specific to the New York City Board of Education only and the classification does not govern his ability to drive school buses in Suffolk County as they are two different entities. Nor does it disqualify him to operate such vehicles within New York State or New York City.

49. Sunrise Bus Inc. and Sunrise agents provide a service for the Town of Suffolk and are fully aware of driving abstracts and the need to ensure all employees are duly licensed to operate such vehicles within their fleet. They knew or should have known that there were no restrictions prohibiting Plaintiff from operating a motor vehicle. If so, the OPT denial would have reflected on his abstract. Plaintiff's change in OPT certification status did not revoke his privilege to operate a motor vehicle. Plaintiff had a valid CDL "S" endorsement which he currently still maintains. Plaintiff answered the question truthfully as his privilege to operate a motor vehicle was never suspended nor revoked.

50. Defendants claims concerning Plaintiff's license privileges to operate a motor vehicle was not based upon a comprehensive review of his driving abstract which included all of his endorsements and suspensions or revocations, if applicable. Defendant undertook a full background check and investigation therefore this is not a valid basis for termination as it is without just cause as is required by the employer's contract with the Union.

51.    After plaintiff's repeated demands to the Union to ensure his job was protected
pending the outcome of the case the Union contacted the employer. Subsequently, Christa Brown,
Sunrise and its agents instigated an investigation into Plaintiff raising many baseless claims to
support their wrongful termination. Defendants alleged he failed to pay child support thereby
impacting his driving privileges to which he immediately refuted and confirmed that Safety Office

Manager Jim Kalin reviewed the matter and that claim was without merit. When that
investigatory tactic failed to incriminate plaintiff, the aforementioned defendants shifted the
focus of the investigation their position that he failed to answer truthfully on plaintiff's application
for employment, provide an explanation regarding the circumstances of his arrest and that he
abandoned his position.

52.    The purpose of the investigation into the Plaintiff's alleged failure(s) was
instigated by the defendants solely for the purpose of terminating the plaintiff even though
defendant's knew or should have known that their charges that plaintiff failed to answer
truthfully on his application for employment, that he abandoned his job and failed to explain the
circumstances was baseless.

53.    At no time prior to plaintiffs termination on June 9, 2011 did the defendants
Sunrise Bus Inc., by its agent, employee and owner, Christa Brown contact plaintiff to raise any
issues with his driving privileges. The only contact previously made was with Safety Office
Manager, Jim Kalin, regarding proof he paid his child support which supported his record was clean
for driving purposes. No mention was ever made regarding the alleged suspension, revocation of
his ability to operate a motor vehicle. This was never at issue. Defendant's deliberately set out to
terminate Plaintiff after his arrest and his follow-up with the Union to ensure his job was preserved
pending the outcome of the case.

54.     Prior to the allegations, Sunrise Bus Inc., by its agent, employee and owner, Christa Brown cleared plaintiff to drive and operate city bus vehicles and charter vehicles which at times carried school sports teams, and this could not have been done without their clear knowledge that he was duly authorized and licensed to operate a motor vehicle and perform all responsibilities of his employment.

55.     Prior to plaintiffs termination on June 9, 2011, Christa Brown and Sunrise Bus Inc. knew or should have known that plaintiff was duly authorized and licensed to operate a motor vehicle and perform all responsibilities of his employment, and further, Christa Brown, Sunrise and its agents were responsible for monitoring his continued motor vehicle privileges.

56.     Sunrise Bus Inc., and its agent, employee and owner, Christa Brown contend that plaintiff abandoned his job for failing to make contact for approximately six months thereby justifying defendants belief that he voluntarily severed his relationship, the allegations of which are false.

57.     During the pendency of the matter, Plaintiff did contact Sunrise and spoke with Manager, Karen Maisano, Safety Office Manager Jim and other employees that answered. He informed them that the matter was still pending and then also provided an update when the two felony counts were dismissed. Manager Karen Maisano encouraged plaintiff and told him to keep fighting and Safety Office Manager Jim advised that Ms. Brown informed that they are not to discuss the incident with plaintiff as he was suspended pending the outcome of the case. Plaintiff contacted his Union on numerous occasions after his arrest and after finally making contact with Mr. J. Rieder he was similarly advised by the Union that he was suspended pending the outcome of the case.

58.     At the time of discharge on June 9, 2011, the criminal proceeding was still pending and scheduled for trial on the two misdemeanor charges for final adjudication of the matter. Based

on the dismissal of the two most serious charges it was in the best interest of the employer to await the final ruling before terminating the Plaintiff to comply with their own public assertion that he was suspended pending the outcome of the case.

59.     Plaintiff's contact with agents of Sunrise Bus Inc., and the Union support that Plaintiff was anxious to return to employment with Sunrise Bus Inc. and be reinstated to his position after full vindication of the baseless charges leveled against him.

60.     Christa Brown as an agent of Sunrise Bus Inc. in her communication with the media clearly indicated that he was suspended pending the outcome of the case. This is the exact sentiment that her staff conveyed to plaintiff therefore since the matter was ongoing there was an explicit understanding that no further employment decisions would be made prior to final adjudication of the matter.

61.     The labor agreement in effect at the time of plaintiff's termination and which was provided to plaintiff by the Union defined plaintiff's rights under the labor agreement with Sunrise Bus Inc. on and before June 9, 2011, and further required defendant Sunrise Bus Inc. and its defendant employees to adhere to the established just cause policy regarding employee terminations, the said provision of which was violated by defendant Sunrise Bus Inc., and by its agent, employee and owner, Christa Brown and at the time of plaintiff s termination on June 9, 2011.

62.     The Union had a duty to fairly represent all of Sunrise Bus Inc.'s employees including plaintiff with respect to processing grievances arising under the labor agreement in effect on and, before and after of his termination on June 9, 2011.

63.     The Union did not fairly represent Plaintiff in this matter.

64.     Defendant Sunrise Bus Inc., its agent, employee and owner, Christa Brown nor their legal counsel ever sent a written notice to Plaintiff or the Union seeking an update on the pending criminal matter or advising of a potential change in employment status. Union Representative Rieder admitted in his mishandling of the case that he never received any written

notification of suspension or termination as required under the Collective Bargaining Agreement.

65. Defendants contention that the Plaintiff voluntarily severed his employment relationship supports defendant's intention to terminate him as a pretext for their true desire to terminate Plaintiff based on his arrest and the criminal charges that he faced. If the Defendants believed that to be true they would have communicated their position in writing to him.

66. Further pursuant to other applicable laws, Defendants are obligated to submit final papers to terminated or terminating employees, specifically COBRA documentation which provides the right to continue medical coverage for up to thirty-six months and other related 401k, pension and related human resources and benefits paperwork. This was never done as it was clear that Plaintiff was suspended pending the outcome of the case and not presumed to have voluntarily severed his employment relationship.

67. The plaintiff s termination was without just cause in violation of the labor agreement provision regarding just cause terminations.

68. Plaintiff was suspended without pay pending the outcome of the criminal charges stemming from the June 26, 2010 arrest. Plaintiff vehemently denied the allegations in his communication to the Defendants, its agents and the Union. Based on his understanding that his suspension and return to service was contingent upon the outcome of the criminal proceeding it was his understanding that Defendant Sunrise Bus Inc., its agents, and employee and owner, Christa Brown would rely upon the final determination of the Court regarding the circumstances of the arrest.

69. At no time after the Plaintiff's arrest on June 26, 2010 did Defendant Sunrise Bus Inc., its agents, and employee and owner, Christa Brown or the Union contact him for a statement surrounding the circumstances of the arrest.

70. Defendant Sunrise Bus Inc., its agents, and employee and owner, Christa Brown did not seek to "investigate" the events surrounding the arrest until and upon Plaintiff's repeated calls to the Union to provide a status update and to ensure his job status was still preserved during the pendency of the case .

71. This meeting occurred on May 4, 2011, ten and a half (10 ½ ) months after the Plaintiff's arrest and shortly before the Plaintiff's upcoming trial on the remaining misdemeanors.

72. During the grievance meeting on June 8, 2011, the Plaintiff maintained his innocence and denied all of the charges that were made against him. He further reminded Defendant Sunrise Bus Inc., its agents, and employee and owner, Christa Brown that the two felonies were dismissed and that the trial was scheduled to occur within the next month.

73. Defendant Sunrise Bus Inc., its agents, and employee and owner, Christa Brown maintain that the Plaintiff admits making an unscheduled stop but refused to provide further details.

74. On the legal advice of his attorney, Plaintiff was advised not to say anything further as any comments within this meeting could have an impact at his upcoming trial since the matter was ongoing and the matter was scheduled for trial.

75. Defendant Sunrise Bus Inc., its agents, and employee and owner, Christa Brown were fully aware of the 8A route and the schedule for June 26, 2010, the date of the arrest.

76. Defendant Sunrise Bus Inc., its agents, and employee and owner, Christa Brown were fully aware that on that date the scheduled stop at Suffolk Community College was not possible as the gates to the College were closed and bus drivers on that route had to turn the vehicle around away from the college and pull over and prepare the bus for the return trip. This is the unscheduled stop Plaintiff referred to when stopped by his attorney. This is an unscheduled stop that Defendant Sunrise Bus Inc., its agents, and employee and owner, Christa Brown knew or should have known in the course of their business operations.

77. Plaintiff answered all of Defendants other questions during the meeting which primarily focused on the baseless charges they were attempting to attribute to the Plaintiff regarding his child support, driving privileges and his application for employment. Defendant's claim that Plaintiff did not cooperate with their last minute investigation is false and is

discriminatory in nature to terminate him for failing to disclose specifics that were

subject to an on-going and upcoming trial.

78.     As a proximate result of plaintiff's termination, he was wrongfully denied

employment, caused to lose wages, promotional opportunities and fringe benefits; he has suffered

mental anguish, emotional distress and loss of enjoyment of life; and has incurred damages

thereby.

## AS AND FOR A SECOND CAUSE OF ACTION: DISCRIMINATION BASED ON AN ARREST RECORD

79.     Plaintiff realleges and reasserts each and every allegation contained in paragraphs

"1" through "78" as if fully set forth herein.

80.     Prior to his termination on June 9, 2011, plaintiff, a naturalized Black American,

was subject to discrimination. On or about June 26, 2010, plaintiff was arrested while operating

the 8A bus line in Calverton, Town of Southhampton, County of Suffolk, State of New York as a

Bus Operator for Sunrise Bus, Inc.

81.     Plaintiff was suspended without pay pending the outcome of the criminal charges

stemming from the June 26, 2010 arrest.

82.     During the pendency of the case, the plaintiff maintained his innocence to the

Defendant Sunrise Bus Inc., its agents and the Union and his intention to fully clear his name

and be vindicated of the charges.

83.     On November 24, 2010, the Supreme Court dismissed the two most serious

charges, to wit felonies, against the plaintiff. Sunrise, Christa and its agents were aware of the

dismissal of the two felonies and that Plaintiff refused to settle or accept a plea deal and wanted

full vindication at trial. Plaintiff contacted Sunrise Bus Inc and the Union to inform them of the

dismissal.

84.     Notwithstanding defendant's knowledge of the above they undertook

calculating actions to terminate plaintiff by any means necessary. Dismissal of the felonies

against the Plaintiff resulted in the employer raising many false issues which they later

abandoned during the meeting with the Union after being clearly refuted by the Plaintiff.

The Sunrise Bus Inc., and its agent, employee and owner, Christa Brown were set on

terminating Plaintiff based on the arrest rather than await the final resolution of the

underlying criminal charges despite previously informing Plaintiff he was suspended pending

the outcome of the case. Since this time, he was caused to suffer multiple acts of harassment

including but not limited to the false charges of defendants which led to his termination.

85.     On June 9, 2011 pursuant to written notice to the Union from legal counsel of

Sunrise Bus Inc., and its agents plaintiff was discharged from his employment with Sunrise Bus

Inc. Defendants were fully aware that the matter was scheduled for trial and that a ruling on the

remaining two misdemeanor charges were pending yet they proceeded to wrongfully terminate

the Plaintiff.

86.     After a trial the plaintiff was fully acquitted of all charges on July 26, 2011 and

cleared of any and all wrongdoing.

87.     Defendants' refusal to reinstate plaintiff to his position as a Bus Operator for

Sunrise Bus Inc. because of his arrest record is a violation of the New York States Human Rights

Law.

88.     The Union aided and abetted Sunrise Bus Inc.in its wrongful termination of the

plaintiff on the basis of his arrest record which is a violation of New York States Human Rights

Law.

89. As a result of the foregoing, plaintiff has been denied employment, has lost wages, benefits, promotional opportunities, seniority status, bonuses; has suffered mental anguish, emotional distress and loss of enjoyment of life; and has incurred damages thereby.

## AS AND FOR A THIRD CAUSE OF ACTION; PRIMA FACIE TORT

90. Plaintiff realleges and reasserts each and every allegation contained in paragraphs "1" through "89" as if fully set forth herein.

91. Defendant Sunrise Bus Inc., by its agent, employee and owner, Christa Brown without justification or just cause and with the intent to harm plaintiff caused the plaintiff to be terminated from his employment.

92. Defendant Sunrise Bus Inc., by its agent, employee and owner, Christa Brown without justification or just cause and with the intent to cause harm to plaintiff, the defendants terminated plaintiff based upon allegations that contained unverified, false and inaccurate statements of fact about the plaintiff.

93. Upon information and belief, the defendants knew or should have known that their actions would have caused the plaintiff to be terminated and suffer financial loss.

94. The defendants actions caused plaintiff extreme and severe financial loss.

95. Defendant Sunrise Bus Inc., and its agent, employee and owner, Christa Brown is vicariously liable to the plaintiff under the doctrine of respondeat superior, in that its employees named herein and agents caused plaintiff to be terminated based on false statements.

96. The defendants are liable to the plaintiff for the financial loss sustained as a result of their intentional, willful, purposeful actions in preparing reports containing false and/or inaccurate information for the intended purpose of having the plaintiff terminated; for unlawfully and wrongfully terminating the plaintiff based on false information; for failing to conduct a full, fair and thorough investigation into the alleged misconduct of the plaintiff to avoid wrongful

termination; failing to provide the plaintiff with an opportunity to be heard or defend the alleged allegations of misconduct which served as the basis for his termination; in violating defendants internal policies and procedures of progressive discipline and termination for just cause.

97.    As a direct result of the defendants' actions, the plaintiff was unlawfully and wrongfully terminated.

98.    The defendants are liable to the plaintiff for all damages sustained as a result of the unlawful and wrongful termination of plaintiff's employment with defendant.

99.    The defendants are liable to the plaintiff since they condoned and ratified the tortious conduct in failing to investigate the allegations which were used as a basis for the termination of the plaintiff from his employment with the defendant.

100.    The defendants are liable to the plaintiff since there was no reasonable or legitimate motive or basis for his termination.

101.    As a direct result of the defendants wrongful and unlawful termination of the plaintiff, the plaintiff was caused to sustain severe and extreme emotional distress, loss of wages, financial loss, loss of medical benefits and other fringe benefits, attorneys fees, has been unable to find suitable employment and loss of the enjoyment of life.

102.    As a direct result of the defendants' unfair, wrongful and unlawful termination of the plaintiff, the plaintiff is entitled to and seeks to recover punitive damages. New York law provides for punitive damages when "exceptional misconduct which transgresses mere negligence, as when the wrongdoer has acted "maliciously, wantonly or with recklessness that speaks to an improper motive or vindictiveness," or has engaged in "outrageous or oppressive intentional misconduct" or with "reckless or wanton disregard of safety or rights."

103.    As a result of the false allegations of defendants regarding the inability of plaintiff to perform a key part of his job duty due to a false response on his application, his alleged refusal to cooperate with defendants investigation and the alleged position that the plaintiff abandoned his position, plaintiff has been unable, despite reasonable efforts, to find comparable employment.

104.    As a proximate result of the foregoing, plaintiff has been denied employment; has lost wages, fringe benefits, promotional opportunities and bonuses; has suffered mental anguish, emotional distress and loss of enjoyment of life; and has incurred damages thereby.

## AS AND FOR A FOURTH CAUSE OF ACTION: BREACH OF DUTY OF FAIR REPRESENTATION

105.    Plaintiff realleges and reasserts each and every allegation contained in paragraphs "1" through "104" as if fully set forth herein.

106.    The labor agreement in effect at the time of plaintiff's termination and which was provided to plaintiff by the Union defined plaintiff's rights under the labor agreement with Sunrise Bus Inc. on and before June 9, 2011, and further required defendant Sunrise Bus Inc. and its defendant employees to adhere to the established just cause policy regarding employee terminations, the said provision of which was violated by defendant Sunrise Bus Inc. and its defendant employees Christa Brown and at the time of plaintiff' s termination on June 9, 2011.

107.    The Union had a duty to fairly represent all of Sunrise Bus Inc.'s employees including plaintiff with respect to processing grievances arising under the labor agreement in effect on and, before and after of his termination on June 9, 2011.

108.    After Plaintiff's arrest he left several voicemail messages for Union representative John Rieder to inform him of the arrest and discuss any necessary steps required by the Union. Upon finally receiving a call back, Mr. Rieder advised Plaintiff that he was suspended pending the outcome of the case.

109.    Plaintiff never received a written letter from the Union nor Defendant Sunrise Bus Inc., its agents, and employee and owner, Christa Brown officially stating that his status was suspended pending the outcome of the case. Plaintiff was informed by the Union, quotes Christa Brown gave to the media and through communication with other employees and Safety Office Manager, Jim Kalin and Manager Kim Masaino.

110. Plaintiff contacted the Union to provide updates on the criminal matter similarly to the employer. Plaintiff was unable to reach Mr. Rieder and was not receiving a return call so he left several messages with Mr. Fox at the Union. When he finally received a return call from Mr. Rieder on February 24, 2011 he was informed that Plaintiff no longer worked for the company as he was arrested and the company had a right to let me go on that basis.

111. Plaintiff was alarmed at Union representative Rieder's response given the terms of the Collective Bargaining Agreement and the expectation of fair representation by the Union. Plaintiff had to further advise that he was informed that he was suspended without pay in June and informed of this by Mr. Kalin when he was told to pick up his check and drop of his uniform.

112. Plaintiff then inquired of Mr. Rieder what steps if any were taken by the Union and whether the Union received anything in writing pertaining to the status of his employment whether suspension or termination to which Mr. Rieder responded no.

113. Plaintiff inquired what was the grievance process and Mr. Rieder advised that the employer had the right to terminate the Plaintiff without notice because Plaintiff did not fill out for a grievance. Plaintiff informed Mr. Rieder he desired his job and all the related benefits, seniority and the like and that he was not terminated but suspended without pay pending the outcome of the case as Mr. Rieder initially told him immediately following his arrest.

114. Plaintiff informed Mr. Rieder that if the parties did not agree then Plaintiff wanted to go to arbitration and Mr. Rieder advised that it is not up to him but to the Union and that Plaintiff may not be eligible as he was not employed long enough for them to take it to arbitration.

114.    Plaintiff remained alarmed at Mr. Rieder's clear ignorance of the

requirements under the Collective Bargaining Agreement and the Union's clear and

evident failure to protect him and his interests and ensure that he would only be terminated

for just cause. Plaintiff demanded representation and Mr. Rieder advised that he would

contact the company which led to a May 4, 2011 meeting and the subsequent grievance

hearing on June 8, 2011 meeting with Defendant Sunrise Bus Inc., and its agent, employee

and owner, Christa Brown. Plaintiff also sent written communication to President Dan

Kane to address his concerns that the Union did not advocate on his behalf as required

under the Collective Bargaining Agreement.

115. During the May 4, 2011 hearing the Union was present as the employer raised

many baseless allegations against Plaintiff and should have known that this was an attempt

to terminate the plaintiff by any means necessary under the guise of "just cause".

116.    Immediately after the grievance meeting on June 8, 2012 Plaintiff advised Mr.

Rieder that he would like the matter to proceed to arbitration as he did not agree with the

statements asserted by the Defendant Sunrise Bus Inc., and its agent, employee and owner,

Christa Brown or her legal counsel and their position that they were going to proceed with

discharging the Plaintiff.

117.    Mr. Rieder advised that he would discuss with the Union and would advise how

they would proceed. Plaintiff stressed to Mr. Rieder that time was of the essence as he

believed that pursuant to the union contract he had only seven (7) days in order to submit to

arbitration a challenge to his termination. Mr. Rieder advised that he would respond within

three days.

118.    On June 13, 2011, Plaintiff sent written notification to President James P. Hoffa

of the International Brotherhood of Teamsters advising that Plaintiff desired Union

representation at an arbitration hearing and that to date he had not received a response as

promised by Mr. Rieder.

119.    On June 14, 2011, Plaintiff sent written notification to Mr. Rieder via mail and

facsimile due to time restraints seeking a response as previously promised regarding his

request for Union representation and a arbitration hearing.

120. On July 8, 2011, **one month** after the grievance Mr. Rieder sent a six page error

filled letter with the final conclusion that the Union would not pursue arbitration because it

would be hard to convince an arbitrator that Plaintiff was truthful when seeking a job at

Sunrise.

121.    Plaintiff was terminated despite being an excellent and highly skilled Bus

Operator and Sunrise Bus Inc. and its defendant employees had no proper or legitimate business

justification for his termination, and defendants discharge of plaintiff was motivated by a desire

to retaliate against him for being arrested for allegedly attempting to rape a female passenger.

122.    The Union arbitrarily failed to timely and adequately investigate, process and

present, and argue plaintiffs grievance and handled the grievance in a grossly negligent and

perfunctory manner. There was hostility on the part of the Union and its representatives towards

plaintiff because he questioned its handling of his grievance and because he sought the services of a

lawyer whom he was told by the Union could not attend the grievance meeting or arbitration. The

aforesaid hostility and limited knowledge of the requirements of the Collective Bargaining and

the requirements of fair representation was the reason for the union's arbitrary and grossly

negligent manner in handling the grievance.

123.    This Court has jurisdiction of the claim against the Union under the New York

State Human Rights Law.

124.    As a proximate result of Defendant Sunrise Bus Inc., and its agent, employee and

owner, Christa Brown concerted wrongful discharge of the plaintiff in breach of contract and the

Union's unfair representation, plaintiff has lost substantial income, fringe benefits, seniority and

pension rights and other valuable job rights and will continue to suffer from such losses and plaintiff has been unable to find comparable work. As a further foreseeable and proximate result of the wrongful discharge, unfair representation and interference with contract, plaintiff suffered mental anguish, anxiety, emotional distress, humiliation and irreparable harm to his reputation.

125. As a further proximate result of the union's unfair representation, Plaintiff has been required to retain legal counsel and has and will incur substantial legal fees and litigation expenses to obtain reinstatement and damages from Sunrise Bus Inc. for which the Union is liable.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR DEFAMATION

126. Plaintiff hereby repeats and realleges each and every allegation contained in paragraphs "I" through "125" as if fully set forth herein.

127. Defendant Sunrise Bus Inc., and its agent, employee and owner, Christa Brown alleged that Plaintiff failed to answer a question truthfully on his application for employment, that plaintiff abandoned his position supporting discharge of his employment, and further, for refusing to cooperate in the investigation which ultimately led to his termination and as such, the termination of plaintiff was based on just cause.

128. Defendant Sunrise Bus Inc., and its agent, employee and owner, Christa Brown and knew or should have known that the allegations were false, and would have discovered the falsity of these statements if a thorough review was done.

129. Defendant Sunrise Bus Inc., and its agent, employee and owner, Christa Brown have provided false information to prospective employers impacting ability to gain future employment.

130. All of the allegations of the defendants named herein were false, and the falsity of the statements were known to be false at the time they were made and resulted in plaintiffs

131. Defendants failed to undertake a proper investigation which would have revealed the falsity of the statements alleged prior to deciding to terminate plaintiff without just cause.

132. On and before plaintiffs termination on June 9, 2011, the disparaging statements were and have been publicized by defendants to coworkers of plaintiff, all of whom had no reason to know of these false and inflammatory statements.

133. Upon information and belief, Defendant Sunrise Bus Inc., and its agent, employee and owner, Christa Brown repeatedly disparaged plaintiff in stating to other employees that he falsified his application, failed to cooperate and abandoned his position.

134. The defendants disparaging statements of the plaintiff contained and created the impression of facts that lowered plaintiff in the estimation of his peers and others in the bus industry and were false.

135. The statements were published both verbally and in writing by defendants with reckless disregard for their falsity.

136. As a result of defendants false and inflammatory statements, plaintiff suffered financial harm in that he lost income, was unable to pay his living expenses and other bills due to the malicious acts of defendants.

137. As a result of defendants conduct, plaintiff has suffered damage to his reputation and defendants specific derogatory statements that he falsified his application, failed to cooperate and abandoned his position.

138. As a direct consequence of defendants false statements, plaintiff has been unable to secure comparable employment with another airline.

139. As a result of the foregoing conduct, plaintiff has suffered financial and emotional injury, and has incurred actual and special damages thereby.

## AS AND FOR A SIXTH CAUSE OF ACTION:SELF-PUBLICATION DEFAMATION

140.    Plaintiff realleges and reasserts each and every allegation contained in paragraphs "1" through "139" as if fully set forth herein.

141.    Due to the false and defamatory reasons given for plaintiff's termination with Sunrise Bus Inc., plaintiff was required to repeat the false basis for his termination to prospective employers when confronted with inquiries as to the reason for his job search.

142.    Based upon plaintiffs compelled self-publication of the defamatory false reasons for his termination, he has been denied comparable new employment.

143.    As a direct result of Defendant Sunrise Bus Inc., and its agent, employee and owner, Christa Brown conduct in causing the termination of plaintiff without just cause and based on false statements, plaintiff has suffered and will continue to suffer severe mental anguish and pain, including loss of self- esteem, personal dignity and career fulfillment, as well as nervousness and other physical distress which originated from the aforesaid mental suffering.

144.    As a direct result of Defendant Sunrise Bus Inc., and its agent, employee and owner, Christa Brown conduct in causing plaintiffs termination without just cause and based on false statements, plaintiff has also confronted great inconvenience, indignity and risk, included but not limited to a loss of his livelihood, and a loss of ability to meet various financial obligations. Thus, plaintiff was inhibited and prevented from enjoying life, and was forced to undergo emotional injury which he will continue to experience in the future.

## AS AND FOR A SEVENTH CAUSE OF ACTION: RACIAL DISCRIMINATION

145.    Plaintiff realleges and reasserts each and every allegation contained in paragraphs "1" through "144" as if fully set forth herein.

146.    Prior to his termination on June 9, 2011, plaintiff, a naturalized Black American, was subject to multiple acts of harassment and racial discrimination by agents of Defendant

employment with said defendant.

147.    White employees of defendant Defendant Sunrise Bus Inc. received more favorable treatment than plaintiff on and before June 9, 2011.

148.    Christa aided and abetted Defendant Sunrise Bus Inc. in its disparate treatment of the plaintiff on and before June 9, 2011.

149.    The disparate treatment plaintiff received from Sunrise Bus Inc, Christa Brown and its agents which included but is not limited to his wrongful termination on the basis of his race, was in violation of the New York State Human Rights Law.

150.    The Union aided and abetted Defendant Sunrise Bus Inc., and its agent, employee and owner, Christa Brown in its wrongful termination of the plaintiff on the basis of his race, in violation of the New York State Human Rights Law.

## AS AND FOR AN EIGHTH CAUSE OF ACTION: AGE DISCRIMINATION

151.    Plaintiff realleges and reasserts each and every allegation contained in paragraphs "1" through "150" as if fully set forth herein.

152.    The disparate treatment of plaintiff by Sunrise Bus Inc., Christa Brown on and before June 9, 2011, which includes but is not limited to plaintiff's discharge from employment on the basis of his age, was in violation of the New York State Human Rights Law.

153.    Due to defendants discrimination of plaintiff based on his age which culminated in his termination, plaintiff has been unable despite reasonable efforts, to find comparable employment.

154.    As a result of the foregoing, plaintiff has been denied employment; has lost wages, benefits, pension rights, promotional opportunities and bonuses; has suffered mental anguish, emotional distress and loss of enjoyment of life; and has incurred damages thereby.

**WHEREFORE**, plaintiff prays that this Court grant judgment to him containing the following relief:

1. An award of damages in an amount not less than $ 4,000,000 to compensate plaintiff for the wrongful termination, mental anguish, humiliation, embarrassment, and emotional injury, loss of wages, benefits and promotional opportunities including an award of front pay for loss of future salary and benefits;

2. An award of special damages in an amount not less than $1,000,000 for loss of compensation and financial harm;

3. An award of punitive damages of an amount to be determined at trial;

4. An order enjoining the defendant from further publication of the defamatory statements;

5. An order prohibiting defendant from continuing or maintaining the policy, practice and/or custom of denying job benefits to employees on the basis of arrest records;

6. A declaration that defendant's actions in terminating plaintiff from his/her employment were in violation of the New York Executive Law;

7. The costs of the action and his reasonable attorneys' fees to the fullest extent permitted by law;

8. and for Such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
       June 8, 2012

EVETTE C. ENNIS, ESQ.
MIALI MAKALELE, ESQ.
550 UNIONDALE AVENUE
UNIONDALE, NEW YORK 11553
(516) 561 - 7161

TO:

CAREY KANE, LLC
ATTORNEY FOR TEAMSTERS LOCAL UNION NO. 111
1350 BROADWAY, SUITE 1400
NEW YORK, NY 10018

DANOW, MCMULLAN & PANOFF, P.C.
275 MADISON AVENUE, SUITE 1711
NEW YORK, NY 10016
ATTORNEY FOR DEFENDANTS

SMITH, FINKELSTEIN, LUNDBERG, ISLER & YAKABOSKI, LLP
456 GRIFFING AVENUE
P.O. BOX 389
RIVERHEAD, NY 11901

## ATTORNEY VERIFICATION

EVETTE C. ENNIS, an attorney duly admitted to practice in the Courts of the State of New York affirms the truth of the following pursuant to R. 2106 CPLR, upon information and belief, and based upon the :files maintained in my office:

1. That I am the Attorney for the Plaintiff in the above entitled action.

2. I verify that have read the foregoing Verified Complaint and that I know the contents thereof based upon information provided to me by the plaintiff RICHARD T. DOWNES

4. The source of my information is derived from documents and information provided to me by the plaintiff.

5. The reason that I make this verification in lieu of plaintiff is that plaintiff resides in Suffolk County and your affirmant does not maintain an office in such county.

EVETTE C. ENNIS